IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OHIO

| | |
|---|---|
| THE SIDING AND INSULATION CO. a/k/a THE ALUMINUM SIDING & INSULATION CO., INC., an Ohio corporation, individually and as the representatives of a class of similarly-situated persons, | )<br>)<br>)<br>) No.<br>) |
| Plaintiff, | ) |
| v. | ) |
| ALCO VENDING, INC. | ) |
| Defendant. | ) |

**CLASS ACTION COMPLAINT**

Plaintiff, THE SIDING AND INSULATION CO. a/k/a THE ALUMINUM SIDING & INSULATION CO., INC. ("Plaintiff"), bring this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, allege the following upon information and belief against Defendant, ALCO VENDING, INC.

**PRELIMINARY STATEMENT**

1. This case challenges Defendant's practice of faxing unsolicited advertisements.

2. The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission. The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy.

Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA and the common law of conversion.

5. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

7. Venue is proper in the Northern District of Ohio because Defendant committed a statutory tort within this district and a significant portion of the events took place here.

## PARTIES

8. Plaintiff is an Ohio corporation with its principal place of business within this judicial district.

9. On information and belief, Defendant, ALCO VENDING, INC., is an Ohio corporation.

## FACTS

10. On or November 2, 2005, Defendant transmitted by telephone facsimile machine an unsolicited fax to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

11. Defendant created or made Exhibit A which Defendant knew or should have known is a good or product which Defendant intended to and did in fact distribute to Plaintiff and the other members of the class.

12. Exhibit A is part of Defendant's work or operations to market Defendant's goods or services which were performed by Defendant and on behalf of Defendant. Therefore, Exhibit A constitutes material furnished in connection with Defendant's work or operations.

13. Plaintiff had not invited or given permission to Defendant to send the faxes.

14. On information and belief, Defendant faxed the same and similar unsolicited facsimiles to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

15. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

16. Defendant's facsimiles did not display a proper opt out notice as required by 64 C.F.R. 1200.

17. This is the second class action brought against Defendant. On June 15, 2009, another class action suit was filed which tolled the statute of limitations for the entire class.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

18. Plaintiff incorporate the preceding paragraphs as though fully set forth herein.

19. In accordance with FRCP 23, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who were successfully sent one or more faxes on November 2, 2005 or July 10, 2006, from Alco Vending offering a "full line" of vending machines and stating "Absolutely no charge to you to have us put in your vending machines."

Excluded from the Class are the Defendant, its employees, agents and members of the Judiciary.

3

20. <u>Commonality [Fed. R. Civ. P. 23 (A) (2):</u> Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

a) Whether the Defendant sent unsolicited fax advertisements;

b) Whether the Defendant's faxes advertised the commercial availability of property, goods, or services;

c) The manner and method the Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit "A" and other unsolicited faxed advertisements;

d) Whether the Defendant faxed advertisements without first obtaining the recipient's prior permission or invitation;

e) Whether the Defendant sent the faxed advertisements knowingly;

f) Whether the Defendant violated the provisions of 47 U.S.C. § 227;

g) Whether the Defendant should be enjoined from faxing advertisements in the future;

h) Whether the Plaintiff and the other members of the class are entitled to statutory damages;

i) Whether Exhibit A and Defendant's other advertisements displayed a proper opt out notice as required by 64 C.F.R. 1200; and

j) Whether the Court should award treble damages.

21. <u>Typicality [Fed R. Civ. P. 23 (A) (3):</u> The Plaintiff's claims are typical of the claims of all class members. The Plaintiff received a fax sent on behalf of the Defendant advertising goods and services of the Defendant during the Class Period. The Plaintiff are making the same claims and seeking the same relief for themselves and all class members based

4

upon the federal statute. The Defendant has acted the same or in a similar manner with respect to the Plaintiff and all the class members.

22. <u>Fair and Adequate Representation [Fed. R. Civ. P. 23 (A) (4):</u> The Plaintiff will fairly and adequately represent and protect the interests of the class. They are interested in this matter, have no conflicts and have retained experienced class counsel to represent the class.

23. <u>Need for Consistent Standards and Practical Effect of Adjudication [Fed R. Civ. P. 23 (B) (1):</u> Class certification is appropriate because the prosecution of individual actions by class members would: a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for the Defendant, and/or b) as a practical matter, adjudication of the Plaintiff's claims will be dispositive of the interests of class members who are not parties.

24. <u>Common Conduct [Fed. R. Civ. P. 23 (B) (2):</u> Class certification is also appropriate because the Defendant has acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate. The Plaintiff demand such relief as authorized by 47 U.S.C. §227.

25. <u>Predominance and Superiority [Fed. R. Civ. P. 23 (B) (3):</u> Common questions of law and fact predominate and a class action is superior to other methods of adjudication:

    a) Proof of the claims of the Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

    b) Evidence regarding defenses or any exceptions to liability that the Defendant may assert and prove will come from the Defendant's records and will not require individualized or separate inquiries or proceedings;

    c) The Defendant has acted and is continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

d) The amount likely to be recovered by individual class members does not support protested individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one (1) proceeding based upon common proofs;

e) This case is inherently managed as a class action in that:

(i) The Defendant identified persons or entities to receive the fax transmissions and it is believed that the Defendant's computer and business records will enable the Plaintiff to readily identify class members and establish liability and damages;

(ii) Liability and damages can be established for the Plaintiff and the class with the same common proofs;

(iii) Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

(iv) A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense:

(v) A class action will contribute to uniformity of decisions concerning the Defendant's practices; and

(vi) As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

26. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…" 47 U.S.C. § 227.

27. The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227 (a) (4).

28. The TCPA provides:

"3. <u>Private right of action.</u> A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation;

(B) An action to recover actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) Both such actions."

29. The TCPA is a strict liability statute, so the Defendant is liable to the Plaintiff and the other class members even if its actions were only negligent.

30. The Defendant knew or should have known that a) the Plaintiff and the other class members had not given express invitation or permission for the Defendant or anybody else to fax advertisements about the Defendant's goods or services; b) that the Plaintiff and the other class members did not have an established business relationship; c) that Exhibit "A" is an advertisement; and d) that the opt out notice did not comply with 64 C.F.R. 1200.

31. The Defendant's actions caused damages to the Plaintiff and the other class members. Receiving the Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of the Defendant's faxes. Moreover, the Defendant's faxes used the Plaintiff's fax machines. The Defendant's faxes cost the Plaintiff time, as the Plaintiff and their employees wasted their time receiving, reviewing and routing the Defendant's illegal faxes. That

7

time otherwise would have been spent on the Plaintiff's business activities. The Defendant's faxes unlawfully interrupted the Plaintiff's and other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of Exhibit A occurred outside of Defendant's premises.

32. The Defendant violated 47 U.S.C. § 227, et seq., by transmitting Exhibit "A" to the Plaintiff and the other members of the class without obtaining their prior express permission or invitation.

WHEREFORE, Plaintiff, THE SIDING AND INSULATION CO. a/k/a THE ALUMINUM SIDING & INSULATION CO., INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, ALCO VENDING, INC., as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint the Plaintiff as the representatives of the class and appoint the Plaintiff's counsel as counsel for the class;

B. That the Court award actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater;

C. That Court enjoin the Defendant from additional violations; and

D. That the Court award costs and such further relief as the Court may deem just and proper.

## COUNT II
## CONVERSION

33. Plaintiff incorporate paragraphs 3 and 4, 6 through 15, and 17 as though fully set forth herein.

8

34. In accordance with FRCP 23, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons who on or after June 15, 2005 were sent telephone facsimile messages by or on behalf of Defendant.

35. A class action is proper in that:

   (a) On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

   (b) There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

   (i) Whether Defendant engaged in a pattern of sending unsolicited faxes;

   (ii) The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxes; and

   (iii) Whether Defendant committed the tort of conversion.

36. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

37 A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

38. By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly converted their fax machines, toner and paper to its own use. Defendant also converted Plaintiff's employees' time to Defendant's own use.

39. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

40. By sending the unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use. Such misappropriation was wrongful and without authorization.

41. Defendant knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

42. Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited faxes from Defendant.

43. Each of Defendant's unsolicited faxes effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's unauthorized faxes. Defendant knew or should have known employees' time is valuable to Plaintiff.

44. Defendant's actions caused damages to Plaintiff and the other members of the class because their receipt of Defendant's unsolicited faxes caused them to lose paper and toner as a result. Defendant's actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machines for Defendant's unauthorized purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's unauthorized faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, THE SIDING AND INSULATION CO. a/k/a THE ALUMINUM SIDING & INSULATION CO., INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, ALCO VENDING, INC., as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representatives of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award appropriate damages;

C. That the Court award costs of suit; and

D. Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

    Respectfully submitted,

    THE SIDING AND INSULATION CO. a/k/a THE ALUMINUM SIDING & INSULATION CO., INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons

By:   s/ Scott D. Simpkins
      One of Plaintiff's Attorneys

Scott D. Simpkins
CLIMACO, WILCOX, PECA,
TARANTINO & GAROFOLI CO., LPA
55 Public Square, Suite 1950
Cleveland, OH 44113
Telephone: 216/621-8484
Fax: 216/771-1632
E-mail: sdsimp@climacolaw.com

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Fax: 847/368-1501
E-mail: bwanca@andersonwanca.com

Phillip A. Bock
BOCK & HATCH, LLC
134 North LaSalle Street, Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500
Fax: 312/658-5555
E-mail: phil@bockhatchllc.com