IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE SIDING AND INSULATION CO., ) | CASE NO. 1:11-CV-01060 |
| ) | |
| Plaintiff, ) | JUDGE LESLEY WELLS |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | NANCY A. VECCHIARELLI |
| ALCO VENDING, INC., ) | |
| ) | |
| Defendant. ) | **REPORT AND RECOMMENDATION** (Doc. No. 86) |

This case was referred to the undersigned United States Magistrate Judge for the preparation of a report and recommendation on Plaintiff The Siding and Insulation Company's ("Plaintiff" or the "Company") Motion to Review the Costs Taxed Against the Plaintiff Pursuant to FRCP 54(d)(1) ("Motion to Review Costs" or the "Motion").  (Doc. No. 86.)  On May 18, 2015, the Clerk of Courts taxed costs against Plaintiff in the amount of $4,518.16.  (Doc. No. 84.)  For the reasons set forth below, the magistrate judge recommends that the amount of costs taxed against Plaintiff be reduced by **$1,060.61**, resulting in an award of costs to Defendant Alco Vending, Inc. ("Defendant" or "Alco") in the amount of **$3,457.55**.

## I.  BACKGROUND

On May 24, 2011, Plaintiff filed suit against Defendant on behalf of itself and other persons similarly situated, alleging that Defendant: (1) sent unsolicited facsimile advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation, in violation of the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") (Complaint at Count I, Doc. No. 1 at pp. 3-8); and (2) improperly converted to Alco's own use the fax machines, toner, paper,

and employee time of the fax recipients, in violation of the common law of conversion (Complaint at Count II, Doc. No. 1 at pp. 8-10).

On October 28, 2013, Defendant filed a motion for summary judgment, seeking dismissal of both of Plaintiff's claims.  (Doc. No. 43.) On December 9, 2013, Plaintiff filed a response to Defendant's motion.  (Doc. No. 50.)  On December 23, 2013, Defendant filed a reply to Plaintiff's response.  (Doc. No. 53.)  In February 2014, the undersigned magistrate judge issued a Report and Recommendation recommending that Defendant Alco's motion for summary judgment be granted.  (Doc. No. 56.)   In April 2015, District Judge Lesley Wells adopted the Report and Recommendation granting Defendant's motion for summary judgment and entered judgment in Defendant's favor.  (Doc. Nos. 81, 82.)  Thereafter, Plaintiff filed a notice of appeal to the Sixth Circuit.  (Doc. Nos. 85, 87.)  That appeal remains pending.

On May 6, 2015, Defendant Alco filed a bill of costs ( the "original bill of costs") requesting that the Clerk of Court tax $4,518.16 in costs against Plaintiff.  (Doc. No. 83.) On May 18, 2015, the Clerk of Court taxed costs against Plaintiff in the amount of $4,518.16.  (Doc. No. 84.)  On May 21, 2015, Plaintiff filed its Motion to Review Costs. (Doc. No. 86.)  In the Motion, Plaintiff maintains that Defendant failed to show that **$2,313.81** of its alleged costs are recoverable.  (*Id.*)  On May 28, 2015, Defendant filed a reply in support of its bill of costs (the "Reply"), to which Defendant attached a revised bill of costs (the "revised bill of costs") modifying its request for costs and seeking **$3,769.79**. (Doc. No. 88.)

## II.  LAW AND ANALYSIS

### A.   Standard for Awarding Costs

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs . . . should be allowed to the prevailing party."  The Rule "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court."  *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986).  Under 28 U.S.C. § 1920, a court may tax the following as costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under [28 U.S.C. § 1923];
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

In the Sixth Circuit, a "'prevailing party is *prima facie* entitled to costs' unless the judgment recovered was insignificant in comparison to the amount actually sought."  *Lewis v. Pennington*, 400 F.2d 806, 819 (6th Cir. 1968) (quoting *Lichter Found., Inc v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959)).  Where an unsuccessful party seeks to avoid paying costs, that party bears the burden of showing "circumstances sufficient to overcome" the presumption that the prevailing party is entitled to costs.  *Lichter*, 269 F.2d at 146.  "Where costs are allowed, the 'Court must exercise discretion in assessing costs, only allowing

3

for materials 'necessarily obtained for use in the case'" in a reasonable amount. *Hartford Fin. Servs. Group, Inc. v. Cleveland Pub. Library*, No. 1:99-CV-1701, 2007 WL 963320, *2 (N.D. Ohio Mar. 28, 2007) (Oliver, J.) (quoting *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich. 1995)).

**B.     Application of the Standard**

Plaintiff argues that Defendant has failed to establish that $2,313.81 of its requested costs fall under 28 U.S.C. § 1920 and/or were reasonable and necessary. Specifically, Plaintiff objects to costs related to the following items:

1.   **$240.00** for the Motion for *Pro Hac Vice* for the United States District Court for the Eastern District of Wisconsin.

2.   **$19.80** in court reporter fees for a transcript of the February 7, 2013, telephone conference proceedings.

3.   **$317.74** in copy costs.

4.   **$1,288.35** in expedited transcript costs.

5.   **$54.17** in shipping and handling fees.

6.   **$393.75** in convenience charges.

The Court shall consider each of Plaintiff's arguments, as well as the reasonableness of Defendant's requests, in turn.

**1.     *Pro Hac Vice* Motion ($240.00)**

Plaintiff argues that Defendant is not entitled to the $240.00 it sought for *pro hac vice* fees, as *pro hac vice* fees are not recoverable in a bill of costs.  See *Halliburton Co. v. Ward*, No. CIV.A. 06 45 C, 2007 WL 2702214, at *2 (W.D. Ky. Sept. 12, 2007); *see also Ferro Corp. V. Cookson Grp.*, No. 1:06CV3070, 2008 WL 5704456, at *6 (N.D. Ohio June 9, 2008).  Defendant does not seek *pro hac vice* fees in the revised bill of costs submitted

4

with its Reply.  (Doc. No. 88-1.)  **Accordingly, the Court recommends that the amount of costs taxed against Plaintiff be reduced by $240.00.**

### 2. Court Reporter Fees ($19.80)

Plaintiff argues that Defendant is not entitled to the $19.80 it sought in court reporter fees for a transcript of the February 7, 2013, telephone conference proceedings.  In its revised bill of costs, Defendant does not seek the $19.80 in court reporter fees it originally requested.  (Doc. No. 88-1.)  **Accordingly, the Court recommends that the amount of costs taxed against Plaintiff be reduced by $19.80.**

### 3. Copy Costs ($317.74)

Defendant originally requested that this Court tax $317.74 against Plaintiff as costs for copying in this case.  Plaintiff argues that Defendant is not entitled to $317.74 in copy costs, as the copy logs of Defendant are not sufficiently detailed to permit recovery of the copy costs requested.  Plaintiff maintains that the entries in Defendant's copy logs listed only the number of pages copied on particular dates without providing a breakdown to demonstrate that the copies were used for an acceptable purpose.  Plaintiff also notes that Defendant did not attach to its original bill of costs any affidavit explaining the purposes of the photocopying and printing.  In its revised bill of costs, Defendant added a description for each copy cost. (Doc. No. 88-1 at p. 11.)  In Defendant's Reply, Defendant's counsel declared that "each copy was actually and necessarily performed."  (Doc. No. 88 at p. 3.)

Copy costs are recoverable under 28 U.S.C. § 1920 for "copies of papers necessarily obtained for use in the case."  Photocopies that are not necessary, but instead are obtained only for the convenience of counsel, including extra copies of filed papers and correspondence, are ordinarily not recoverable.  See *Hartford Fin. Servs. Grp.,* 2007 WL

5

963320 at *6-8. The party seeking reimbursement has the burden of showing that the copies were necessary for use in the case. *Id.* at *6 (citation omitted).

Here, the information provided by Defendant in its original and revised bills of costs is not sufficiently detailed to support its request for copying costs of $317.74. Although Defendant does not seek an exorbitant amount of copy costs, and Plaintiff does not challenge the reasonableness of the *amount* of costs Defendant seeks, this Court nonetheless will not act as "a simple rubber stamp" for Defendant's request. *Bowling v. Pfizer, Inc.*, 132 F.3d 1147, 1151-52 (6th Cir. 1998). Allowing a $317.74 payment for copying expenses without further details is "exemplary of an impermissible laxity." *Id.* at 1152. For example, although Defendant's revised bill of costs includes a general explanation for the amount it incurred for each copy expense,[1] it makes no effort to differentiate between those copies that were necessary for use in the case – which are taxable as costs – and those that were obtained only for the convenience of counsel, such as copies of filings or correspondence – which are not. *Hartford Fin. Servs.*, 2007 WL 963320 at *7. This Court "will not permit recovery of such undetailed copy expenses." *Id*.

Furthermore, as Plaintiff notes in its Motion to Review Costs, Defendant has failed to attach to its original or revised bills of costs any affidavit explaining the purposes of the photocopying and printing. See *J-Way Leasing, LTD v. Am. Bridge Co.*, No.

---

[1] In its revised bill of costs, Defendant lists 20 copy costs under the heading "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in this case." (Doc. No. 88-1 at p. 11.) One of the following general descriptions is assigned to each of the 20 costs: (1) drafting MSJ (Dkt. 43) & Response to Class Cert. (Dkt. 45); (2) Ryan Kelly Deposition; (3) Daniel Hoag Deposition; (4) Robert Biggerstaff Deposition; (5) Richard Gajdos and Kathleen Sutula Depositions; and (6) Discovery. (*Id.*)

1:07 CV 3031, 2010 WL 816439, at *4 (N.D. Ohio Mar. 4, 2010) (Nugent, J.) ("[T]he prevailing party must submit an affidavit supporting any requested reproduction costs, so the court can investigate the request for necessity and reasonableness and determine whether the charges are proper.")  In its Reply, counsel for Defendant "declares, as part of its revised bill of costs, that each copy was actually and necessarily performed." (Doc. No. 88 at p. 3.)  Furthermore, Defendant's original and revised bills of costs both include a general declaration by defense counsel that the costs sought were correct and were necessarily incurred.  (*See* Doc. No. 83 at p. 1; Doc. No. 88-1 at p. 1.)  These general statements, however, do little, if anything, to assist this Court in determining whether the copying costs Defendant seeks were necessary for use in this case, as they provide no details regarding the purpose or use of the copies.

**As Defendant's request for copying charges is not sufficiently specific, the Court recommends that the amount of costs taxed against Plaintiff be reduced by $317.74, representing the amount Defendant sought for copying costs.**

4. **Expedited Transcript Costs ($1,288.35)**

Plaintiff argues that Defendant is not entitled to the $1,288.35 it sought in costs connected with the expedited transcripts of Ryan Kelly and Robert Biggerstaff.  According to Plaintiff, Defendant has failed to show that the delivery of the transcripts was expedited due to necessity rather than convenience.  In its Reply, Defendant does not attempt to establish the necessity of the expedited transcripts.  Rather, Defendant revises its bill of costs to reflect the difference between the expedited cost and the standard cost for delivery of the Kelly and Biggerstaff transcripts.  To establish the difference in price, Defendant provided an affidavit from the owner of Amicus Court Reporters, Inc., Stewart

W. Karge.  (Exhibit C, Doc. No. 88-3.)  Mr. Karge swore that he was the person who created the invoice for the deposition of Ryan Kelly.  (*Id.*)  Mr. Karge further swore that if the deposition transcript of Ryan Kelly had been ordered with a regular delivery date instead of an expedited delivery date, the invoice would have been in the total amount of $527.80 instead of $659.05.  (*Id.*)  Thus, the difference between the expedited cost and the regular delivery cost would have been **$131.25.**

As to the transcript of Robert Biggerstaff, Defendant explained in its Reply that it could not reach J. Collins Reporting, the reporting company from which Defendant ordered the Biggerstaff transcript, and that "[e]very indication is that J. Collins Reporting is no longer in business."  (Doc. No. 88 at 3.)  Thus, to establish the difference between expedited delivery and standard delivery of the Robert Biggerstaff deposition transcript, Defendant included an invoice from J. Collins Reporting in another case dated December 8, 2011, which showed a non-expedited rate of $3.80 versus an expedited rate of $4.90. (Exhibit B, Doc. No. 88-2.)  Defendant maintains that the difference between the expedited cost of the Biggerstaff transcript and the regular delivery cost would have been **$174.90**. (Exhibit B, Doc. No. 88-2.)

The Court finds that the evidence Defendant has provided to show the difference in cost between the expedited and standard delivery rates is persuasive.  **Accordingly, the magistrate judge recommends that the amount of costs taxed against Plaintiff be reduced by $306.15, which represents the extra money Defendant spent for expedited delivery of the Kelly and Biggerstaff transcripts.**

### 5. Shipping and Handling Fees ($54.17)

Plaintiff argues that Defendant is not entitled to the $54.17 it sought for shipping and handling fees for transcripts of depositions.[2] Defendant does not respond to this argument in its Reply, nor does Defendant's revised bill of costs reflect that Defendant deducted $54.17 in shipping and handling fees from its original bill of costs.  In *IMRA Am., Inc. v. IPG Photonics Corp.*, No. 06-15139, 2012 WL 6553523, at *2 (E.D. Mich. Dec. 14, 2012), the Court noted that although the Sixth Circuit has not addressed the issue, other circuits have held that shipping and handling costs of transcripts and exhibits are generally not recoverable under 29 U.S.C. § 1920.  As Defendant has failed to explain why it is entitled to shipping and handling fees, the magistrate judge recommends that the Court follow the standard set in *IMRA Am., Inc.* and **reduce the amount of costs taxed against Plaintiff by $54.17.**

### 6. Convenience Charges ($393.75)

Plaintiff argues that Defendant is not entitled to the $393.75 it sought for e-transcript fees, exhibit fees, and additional copy fees, because those fees are deemed "convenience charges" that are not recoverable.  Plaintiff does not provide a breakdown of the $393.75 total to assist this Court in determining the exact amount Defendant sought for e-transcript fees, exhibit fees, and additional copy fees.  Similarly, in its Reply, Defendant makes no effort to detail the $393.75, nor does Defendant explain why it is entitled to these

---

[2]      In its original bill of costs, Defendant sought **$20.00** in delivery and handling fees for the Caroline Abraham deposition transcript (doc. no. 83 at p. 3); **$16.00** in delivery and handling fees for the Ryan Kelly deposition transcript (doc. no. 83 at p. 6); and **$17.37** in delivery and handling fees for the Robert Biggerstaff deposition transcript (doc. no. 83 at p. 7), for a total of **$54.17** in shipping and handling fees.

9

costs. Thus, the Court undertook the task of attempting to determine exactly which fees Plaintiff disputes and the exact amounts of those disputed fees. The following chart represents the Court's understanding of the costs Plaintiff disputes:

| Cost | Citation to Defendant's original bill of costs | Amount Defendant requested |
|---|---|---|
| Original and one copy of Caroline Abraham Deposition Transcript | Doc. No. 83 at p. 3 | $540.00[3]<br>(Plaintiff challenges $270.00 of the $540.00) |
| E-Transcript Fee | Doc. No. 83 at p. 6 | $35.00 |
| Exhibit Fees (Copies) | Doc. No. 83 at p. 7 | $87.75 |
|  |  | **Total:** $392.75[4] |

Defendant notes in its Reply that it revised its bill of costs to exclude fees for e-transcript and delivery, which the Court understands to have been $35.00. **Thus, the Court recommends that the amount of costs taxed against Plaintiff be reduced by $35.00.**

Plaintiff maintains that the $87.75 Defendant sought for exhibit copies is not recoverable, because exhibit copies are for the convenience of counsel rather than a necessity for litigation, and, therefore, are not taxable as costs. (Doc. No. 86 at p. 6, citing *IMRA Am., Inc.,* 2012 WL 6553523, at *2.) As Defendant makes no effort in its Reply to

---

[3] Defendant's original bill of costs indicates that Defendant sought $540.00 in costs for an "original & one copy" of Caroline Abraham's deposition transcript. (Doc. No. 83 at p. 3.) Plaintiff assumes that the original transcript cost $270.00 and argues that Defendant would be entitled to a fee of $270.00 for the original transcript, but not an additional $270.00 for one copy.

[4] The Court's calculation differs by $1.00 from the amount Plaintiff disputes ($393.75).

explain why it is entitled to $87.75 in exhibit fees, **the Court recommends that the amount of costs taxed against Plaintiff be reduced by $87.75.**

As to fees for the Caroline Abraham deposition transcript, the Court rejects Plaintiff's argument that Defendant is entitled to only $270.00.  Instead, Defendant should be entitled to a total of $540.00, which represents the price Defendant paid to Diamond Reporting & Legal Video ("Diamond") for an original copy of the transcript plus one courtesy copy provided by Diamond.  Attached to Defendant's Reply is a letter from Beth Zysberg, director of client relations at Diamond, wherein Ms. Zysberg affirmed that she had extensive knowledge of Diamond's billing structure and that she reviewed the invoice billed to defense counsel for the Caroline Abraham deposition transcript.  (Exhibit D, Doc. No. 88-4.)  In her letter, Ms. Zysberg advised defense counsel that "'original' transcripts for your firm are invoiced at $4.50 per page whether it is just the Original, Original and 1 copy or Original and 2 copies.  There is no additional charge for copies to the ordering client, as they are provided as a courtesy." (*Id.*)  As the Caroline Abraham deposition transcript was 120 pages, and 120 pages x $4.50 per page = $540.00, the $540.00 Defendant paid to Diamond represented only the price of one original copy.  Thus, Defendant did not pay any additional money to receive an extra copy of the transcript.  As Plaintiff does not dispute that Defendant was entitled to the cost of the original transcript, which was $540.00, Defendant should be entitled to $540.00 in costs for an original copy of the Caroline Abraham deposition transcript.

**The Court recommends that the amount of costs taxed against Plaintiff be**

11

reduced by **$122.75**[5], but that Defendant should be entitled to **$540.00** in costs for an original copy of the Caroline Abraham deposition transcript.

### III.  SUMMARY OF DEDUCTIONS

The following chart represents the Court's recommended deductions from Plaintiff's original bill of costs:

| Category | Amount Requested in Original Bill of Costs | Recommended Amount of Deduction from Defendant's Award |
|---|---:|---:|
| *Pro hac vice* Fees | $240.00 | $240.00 |
| Court Reporter Fee (February 7, 2013, telephone conference proceedings) | $19.80 | $19.80 |
| Copying Costs | $317.74 | $317.74 |
| Expedited Transcript Costs | $1,288.35 | $306.15 |
| Shipping & Handling Fees | $54.17 | $54.17 |
| Original and 1 Copy of Caroline Abraham Deposition Transcript | $540.00 | $0.00 |
| E-Transcript Fee | $35.00 | $35.00 |
| Exhibit Fees (Copies) | $87.75 | $87.75 |
| **Total** | | **$1,060.61** |

### IV.  CONCLUSION

For the foregoing reasons, the magistrate judge recommends that the amount of costs taxed against Plaintiff be reduced by **$1,060.61**, and that Defendant be entitled to

---

[5]  $35.00 (e-transcript fees) + $87.75 (exhibit copying fees) = $122.75

**$3,457.55**[6] in costs from Plaintiff.

s/ *Nancy A. Vecchiarelli*
U.S. Magistrate Judge

Date: July 21, 2015

## OBJECTIONS

      **Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).**

---

      [6]      The Clerk of Courts taxed costs against Plaintiff in the amount of $4,518.16. (Doc. No. 84.) $4,518.16 - $1,060.61 = $3,457.55.