UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE SIDING AND INSULATION CO., | ) | CASE NO. 1:11CV1060 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| ALCO VENDING, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter comes before the Court upon the motion of defendant, Alco Vending, Inc., to show cause why plaintiff, The Siding and Insulation Company, should not be held in contempt for failing to pay costs in the amount of $3,457.55, as ordered by the Court. (Doc. No. 93 ("Show Cause Mot.").) Plaintiff opposes the motion, and has filed a cross-motion to stay enforcement of the Court's judgment pending appeal. (Doc. No. 94 ("Mot. Stay").) As part of its cross-motion, plaintiff requests that the Court waive the bond requirement. Defendant opposes the cross-motion for a stay (Doc. No. 95 ("Opp'n")), and plaintiff has filed a reply. (Doc. No. 96 ("Reply").)

I. BACKGROUND

On April 22, 2015, the Court issued an order adopting a Report & Recommendation that recommended that defendant's motion for summary judgment as to plaintiff's claims for alleged receipt of unsolicited facsimiles in violation of the Telephone Consumer Protection Act ("TCPA") be granted and the case be dismissed. (Doc. No. 81; Doc. No. 82; *see* Doc. No. 56.) As part of its order, the Court declined to exercise supplemental jurisdiction over plaintiff's state

law claims. On May 18, 2015, plaintiff filed a notice of appeal from the Court's judgment in the Sixth Circuit Court of Appeals, and the appeal remains pending. (Doc. No. 85.)

The Clerk of Courts assessed costs against plaintiff in the amount of $4,518.16. (Doc. No. 84.) Plaintiff moved for a review of the cost determination (Doc. No. 86), and, on August 24, 2015, the Court issued an order adopting a Report & Recommendation that reduced costs by $1,060.61, for a final amount of costs due and owing defendant of $3,457.55. (Doc. No. 92; *see* Doc. No. 91.) Following the assessment of final costs against plaintiff, defendant's counsel sent a letter to plaintiff's counsel requesting payment of costs within 10 days. (Doc. No. 93-2.) When payment was not forthcoming, defendant filed the present motion to show cause. Defendant seeks the amount of the cost award, plus interest and costs associated with the filing of the motion to show cause.[1]

## II. DISCUSSION

Plaintiff argues that the Court should stay execution of judgment in this case pending appeal and waive the supersedeas bond requirement of Federal Rule of Civil Procedure 62(d). Plaintiff emphasizes that, under Rule 62(d), the Court has discretion to determine the amount of the bond necessary to stay execution and may stay execution of the judgment with no bond at all. According to plaintiff, it has been in business since 1980, and has an "A+" rating from the Better Business Bureau ("BBB"). (Mot. Stay at 3004.) Based on these two facts, plaintiff asserts that waiver of the bond requirement is appropriate because its ability to pay the judgment is so obvious that it would be a waste to require it to pay the cost of the bond. (*Id.* ("[I]t is highly unlikely that [p]laintiff would have difficulty in maintaining its ability to pay the Court's

---

[1] This action was transferred to the undersigned, pursuant to General Order 2015-12, on October 7, 2015.

2

assessment [of costs].")). Further, it argues that, if required to satisfy the judgment now, it would be irreparable harmed as it would have to incur costs recovering the judgment if it later prevails on appeal. (*Id.*)

Defendant contends that plaintiff has failed to demonstrate "extraordinary circumstances" that would justify waiver of the Rule 62(d) bond requirement in this case. In defendant's view, plaintiff has offered no other reason than the fact that it has taken an appeal from the Court's ruling on summary judgment. Defendant posits that "[i]f this were sufficient to constitute extraordinary circumstances, then the exception would swallow the [supersedeas bond] rule." (Opp'n at 3079.)

**A. Stay Pending Appeal With or Without Supersedeas Bond**

Pursuant to Rule 62(d), if an appeal is pending, a party may obtain a stay if a supersedeas bond is posted. Fed. R. Civ. P. 62(d). The Sixth Circuit has held that Rule 62(d) "entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right." *Arban v. West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (citations omitted). A stay as of right, however, is "contingent upon the posting of a court approved supersedeas bond." *Hamlin v. Charter Twp. of Flint*, 181 F.R.D. 348, 351 (E.D. Mich. 1998). The supersedeas bond serves the dual role of protecting the non-appealing party "from the risk of a later uncollectible judgment" and also "provides compensation for those injuries which can be said to be the 'natural and proximate result of the stay.'" *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988); *Moore v Townsend*, 577 F.2d 424, 427 (7th Cir. 1978) (quoting *Weiner v. 222 East Chestnut St. Corp.*, 303 F.2d 630, 634 (7th Cir. 1962)).

Because Rule 62(d) protects not only the appellant's right to a stay, but also the appellee's right to a bond to guard its interest on appeal, "a full supersedeas bond should almost

3

always be required." *Hamlin*, 181 F.R.D. at 351 (citation omitted); *see Physicians Ins. Capital, LLC v. Praesidium Alliance Grp., LLC*, No. 4:12-CV-1789, 2013 WL 5232817, at *1-*2 (N.D. Ohio Sept. 16, 2013) (citation omitted); *Pucci v. Somers*, 834 F. Supp. 2d 690, 706 (E.D. Mich. 2011) (citation omitted). Furthermore, a full supersedeas bond "'should only be excused where the appellant has demonstrated the existence of extraordinary circumstances.'" *Johnson v. Conn. Gen. Life Ins. Co.*, No. 5:07-cv-167, 2008 WL 918459, at *1 (N.D. Ohio Apr. 1, 2008) (quoting *Verhoff v. Time Warner Cable, Inc.,* No. 3:05-CV-7277, 2007 WL 4303743, at *4 (N.D. Ohio Dec. 10, 2007) (collecting cases). Even where an appellant demonstrates the financial wherewithal to pay the judgment if it does not prevail on appeal, courts in this judicial district have generally declined to waive the full supersedeas bond requirement. *See, e.g., Progressive Foods, LLC v. Dunkin' Donuts Inc.*, No. 1:07 CV 3424, 2011 WL 1601335, at *3 (N.D. Ohio Apr. 27 2011); *Mengelkamp v. Lake Metro. Housing Auth.*, No. 11-CV-2589, 2012 WL 6085084, at *2 (N.D. Ohio Dec. 6, 2012) (rejecting defendant's motion to pay from its insurance coverage, reasoning that a stay without full bond "may only be granted in the most extraordinary of circumstances").

Nevertheless, the Sixth Circuit in *Arban* also recognized that Rule 62(d) "in no way necessarily implies that filing a bond is the only way to obtain a stay. It speaks only to stays granted as a matter of right, it does not speak to stays granted by the court in accordance with its discretion." *Arban,* 345 F.3d at 409 (quotation marks and citation omitted). In *Arban*, the Sixth Circuit affirmed a district court's waiver of the bond requirement, stating that "an inflexible requirement of a bond would be inappropriate . . . where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money." *Id*. at 409 (internal quotation marks and citation omitted). The court emphasized "the vast disparity between the

4

amount of the judgment in this case and the annual revenue of the group of which [the defendant] is a part" as a basis for its discretion in waiving the bond requirement. *Id*. Courts waiving the bond requirement in similar situations have "generally required the appellant to present 'a financially secure plan for maintaining that same degree of solvency during the period of an appeal.'" *Hamlin*, 181 F.R.D. at 353 (quoting *Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc*., 600 F.2d 1189, 1190 (5th Cir. 1979)).

### B.  Plaintiff has not Demonstrated "Extraordinary Circumstances" to Waive Bond

Plaintiff seeks a waiver of the bond requirement arguing that, like the situation in *Arban*, its ability to pay the judgment of costs is so obvious that the cost of the bond would be a waste of money. It cites the relatively small judgment at issue and asks the Court to balance that against the company's years of successful operation and its "A+" rating from the BBB.

Notwithstanding these assertions, plaintiff has not provided any information regarding its income or solvency. Plaintiff's longevity does not serve as an indication of its current financial health. Likewise, a rating of any kind from the BBB has nothing to do with a company's future financial stability or its ability to pay any particular judgment.[2] *See, e.g., Transp. Ins. Co. v. Citizens Ins. Co. of Am.*, No. 08-15018, 2013 WL 4604126, at *4 (E.D. Mich. Aug. 29, 2013) (evidence of company's global credit rating did not constitute evidence of the company's income and could not support waiver of bond requirement). As a result, the Court concludes that plaintiff has not demonstrated "extraordinary circumstances" that would justify waiver of the bond

---

[2] According to the BBB's website, "BBB ratings represent the BBB's opinion of how the business is likely to interact with its customers." The BBB looks at a number of factors in affixing a rating for a business, including the number of customer complaints and the company's resolution of those complaints. None of the factors relate to a company's income or financial health. *See* https://www.bbb.org/council/overview-of-bbb-grade/ (last visited April 4, 2016).

requirement in this case.

Because plaintiff is not entitled to have the bond requirement waived, it must either pay the judgment of costs, with interest, or post a supersedeas bond for the amount of the judgment of costs plus statutory interest. *See Jack Henry & Assoc., Inc. v. BSC, Inc.*, 753 F. Supp. 2d 665, 673-74 (E.D. Ky. 2010) (full supersedeas bond should include the judgment, plus a reasonable estimate of interest), *aff'd*, 487 F. App'x 246 (6th Cir. 2012).

### III. CONCLUSION

Accordingly and for all of the foregoing reasons, plaintiff's cross-motion to stay execution of judgment pending appeal without a supersedeas bond (Doc. No. 94) is denied, and defendant's motion to show cause (Doc. No. 93) is also denied. Plaintiff may either pay the Court's judgment or file a fully compliant supersedeas bond within 10 days of this Memorandum Opinion. In the event that plaintiff fails to timely satisfy the judgment or file a supersedeas bond, defendant may execute on its judgment.

**IT IS SO ORDERED**.

Dated: April 6, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**